UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: REQUEST FOR JUDICIAL ASSISTANCE FROM KOUNOKIKAI MEDICAL CORPORATION | Case No. 24-mc-80222-EKL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART EX PARTE APPLICATION PURSUANT TO 28 U.S.C. § 1782** |

I.   INTRODUCTION

On August 29, 2024, Kounokikai Medical Corporation ("Applicant") filed an *ex parte* application ("Application") pursuant to 28 U.S.C. § 1782 for an order authorizing limited discovery from Google LLC ("Google") in connection with a potential legal action in Japan. Ex Parte Application ("Appl."), ECF. No. 1.  For the reasons set forth below, the Application is GRANTED IN PART and DENIED IN PART.

II.   BACKGROUND

The following facts are taken from the Application.  Applicant is a Japanese medical corporation doing business as Kunimatsu Eye Clinic, an ophthalmology clinic in Chiba-ken, Japan. *Id.* at 1.  An anonymous individual using a Google account published a "false review" of the clinic on Google Maps and gave it a one-star rating.  *Id.* at 2.  According to Applicant, the review has interfered with its operations by reducing business and by causing its director, Kunimatsu, to suffer stress and physical illness.  *Id.* at 2-3.

Applicant anticipates filing a civil action in Japan against the anonymous individual for damages based on harm to reputation under Articles 709 and 710 of Japan's Civil Code.  *Id.* at 3. To file suit in Japan, Applicant must discover the individual's true identity because Japanese law

does not permit lawsuits to be filed against anonymous persons. *Id*.

Applicant asks the Court to authorize limited discovery by serving Google with a subpoena seeking personal identifying information ("PII") concerning the Google Ads account, Google AdSense account, and Google Pay account that are registered to, linked to, or otherwise associated with the Google account used by the anonymous individual. *Id*. at 9. The PII will be used to discover the true identity of the anonymous individual, which will in turn permit Applicant to file its civil action in Japan. *Id.* Applicant requests a subpoena demanding that Google produce the following discovery:

> Request for Production No. 1:
>
> DOCUMENTS sufficient to show the following information ever registered with the ACCOUNT and the Google Ads accounts, Google AdSense accounts, and Google Pay accounts that are registered to, linked to, or otherwise associated to the ACCOUNT:
> (i)   ALL names;
> (ii)  ALL addresses;
> (iii) ALL e-mail addresses;
> (iv)  ALL telephone numbers; and
> (v)   ALL banking information, such as the names of the banks and the bank account numbers.
>
> Request for Production No. 2:
>
> DOCUMENTS sufficient to show five sets of IP addresses and corresponding dates and times and port numbers (commonly known as access logs) of the ACCOUNT that were recorded immediately prior to the date that you respond to this request.

Appl., Ex. A.

III.   LEGAL STANDARD

Section 1782 states, in relevant part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a). The purpose of § 1782 is "to provide federal-court assistance in gathering

2

evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). Section 1782 permits district courts to authorize discovery "where three general requirements are satisfied: (1) the person from whom the discovery is sought resides or is found in the district of the district court where the application is made; (2) the discovery is for use in a proceeding in a foreign or international tribunal; and (3) the application is made by a foreign or international tribunal or any interested person." *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (quoting 28 U.S.C. § 1782(a)) (internal quotation marks omitted).

A district court has discretion to authorize discovery under § 1782, but "is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Intel Corp.*, 542 U.S. at 264. In *Intel Corp.*, the Supreme Court set forth four factors courts must consider in determining whether and how to exercise their discretion: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the request is unduly intrusive or burdensome. *Id*. at 264-265. The district court's exercise of discretion is informed by § 1782's "'twin aims' of 'providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts.'" *Id.* at 252.

Courts commonly consider § 1782 applications on an *ex parte* basis because "parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IPCom GMBH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014).

IV.   DISCUSSION

Applicant has met all three threshold statutory requirements. 28 U.S.C. § 1782(a). First, Google's principal office is in Mountain View, California. Appl. at 2. Thus, Google is "found" here for purposes of § 1782. *Super Vitaminas, S.A.,* No. 17-mc-80125, 2017 WL 5571037, at *2 (a business is "found" in this district where it is headquartered). Second, the discovery is intended

3

for use in a proceeding in a foreign tribunal. Appl. at 3. A proceeding need not be pending; rather, it may be "within reasonable contemplation." *Intel Corp.*, 542 U.S. at 259. Applicant has established its intention to file a civil lawsuit once it discovers the anonymous individual's true identity; accordingly, the proceeding is "within reasonable contemplation." Third, as the putative plaintiff in a foreign legal proceeding, Applicant is an "interested person." *Id.* at 256-57.

The Court finds that the first three discretionary considerations set forth in *Intel Corp.* favor granting the Application. First, Google is not a participant in the foreign proceeding, so the discovery Applicant seeks will be outside the Japanese court's jurisdiction. Appl. at 6. Second, Applicant represents that it is not aware of any restrictions imposed by or policies under Japanese law limiting U.S. federal court judicial assistance for the purposes stated in the Application, and that Japanese courts are receptive to assistance from district courts concerning discovery of PII by individuals posting anonymous online reviews. *Id.* at 7. Third, Applicant represents that it is not attempting to circumvent any foreign proof-gathering restrictions or other policies of Japan or the United States, and the Application; neither the Application nor the supporting materials suggest any evidence to the contrary. *Id.* at 8.

The fourth factor favors denying the Application, in part. The Court finds that Applicant's request for "all banking information" associated with the subject account is unduly intrusive. "Requests are unduly intrusive and burdensome where they are not narrowly tailored, request confidential information and appear to be a broad 'fishing expedition' for irrelevant information." *In re Ex Parte Application of Qualcomm Incorporated*, 162 F. Supp. 3d 1029, 1043 (N.D. Cal. 2016).

Applicant does not explain the need for "all banking information" associated with the subject account, address how it would use the information, or show how such information is relevant or helpful in terms of ascertaining the anonymous publisher's identity. Applicant has not demonstrated that this request is narrowly tailored to the subject matter of its future action. The Court therefore denies the Application to the extent it seeks banking information associated with the subject Google accounts.

V. CONCLUSION AND ORDER

Based on the foregoing reasons, the Application is GRANTED IN PART and DENIED IN PART. Applicant may serve an amended subpoena on Google, which removes the request for "ALL banking information, such as the names of the banks and the bank account numbers," and complies with the following requirements:

1. Applicant shall serve a copy of this Order on Google with the proposed subpoena, as amended;
2. No later than 10 days after service of the subpoena, Google shall notify all account users whose personal identifying information is affected by the subpoena that their identifying information is being sought by Applicant, and provide a copy of this Order to each account user;
3. Google shall use all means of communications associated with the Google accounts to contact and notify the affected individuals of the subpoena;
4. Google and each account user whose information is sought may file – no later than 30 days after service of notice – a motion to quash or modify the subpoena;
5. Any account user seeking to quash or modify the subpoena may appear and proceed before this Court under a pseudonym;
6. If any party disputes the subpoena, Google shall preserve but not disclose the information sought by the subpoena pending resolution of that dispute; and
7. This Order is without prejudice to any argument that may be raised in a motion to quash or modify the subpoena from Google or any account users.

IT IS SO ORDERED.

Dated: January 9, 2025

EUMI K. LEE
United States District Judge